**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRANDI GRAY, an individual, on behalf of herself and all others similarly situated,<br><br>         Plaintiff,<br>   v.<br><br>GERBER PRODUCTS COMPANY; NESTLE USA, INC.,<br><br>         Defendants. | Case No.: 5:12-CV-01964-LHK<br><br>ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MDL MOTION TO TRANSFER |

Pending before the Court is Plaintiff Brandi Gray's ("Plaintiff") Administrative Motion to Stay Proceedings Pending Resolution of the MDL Motion to Transfer ("Motion to Stay"). ECF No. 9. Plaintiff initiated this action on April 19, 2012, against Defendants Gerber Products Co. and Nestle USA, Inc. ("Defendants"). ECF No. 1. On June 26, 2012, Defendants filed a Motion to Dismiss or, in the Alternative, Transfer this case to the District of New Jersey pursuant to the first-to-file rule or 28 U.S.C. § 1404(a) ("Motion to Transfer"). ECF No. 5. The Motion to Transfer was scheduled to be heard on September 13, 2012. On September 7, 2012, the Court vacated the hearing date in advance of the instant Order addressing Plaintiff's Motion to Stay.

On July 10, 2012, Plaintiff and plaintiffs in ten other cases against Defendants filed a motion to transfer and coordinate all cases, including this one, to the Eastern District of

1

Case No.: 12-CV-01964
ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MDL MOTION TO TRANSFER

**United States District Court**
For the Northern District of California

Washington for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("MDL Motion"). *See In re Gerber Probiotic Mktg. and Sales Practices Litig.*, MDL case No. 2397, Dkt. No. 4; *Id.*, Dkt. No. 14 (Plaintiff's Response in Support of MDL Motion). The MDL Motion is scheduled to be heard on September 20, 2012, in New York. *See* http://www.jpml.uscourts.gov/hearing-information. On August 7, 2012, Plaintiff filed her Motion to Stay, in which she argues the instant action should be stayed pending the resolution of the MDL Motion. ECF No. 9 at 2.

"A district court has the inherent power to stay its proceedings. This power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' " *Fuller v. Amerigas Propane, Inc.*, C 09-2493TEH, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009) (quoting *Rivers v. Walt Disney Co.,* 980 F.Supp. 1358, 1360 (C.D.Cal.1997)). In considering whether a stay is appropriate, the Court should weigh three factors: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. (quoting *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir.1962) (citing *Landis v. N. Am. Co*, 99 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936))). The Court refers to these factors as the *Landis* factors because they were drawn from the Supreme Court's decision in *Landis v. N. Am. Co. See Fuller*, 2009 WL 2390358 at *1.

Here, the first two *Landis* factors weigh in favor of granting the stay. The hearing on the MDL Motion is scheduled for September 20, 2012, approximately one week from the date of this Order and from the date originally scheduled for the hearing on Defendants' Motion to Transfer. Thus the potential damage to Defendants' case and any hardships that Defendants may suffer as a result of the stay are minimal. *See Fuller*, 2009 WL 2390358 (holding that because "MDL Panel [was] expected to hear this matter within a few months, any delay caused by th[e] stay [would] be of very short duration, and unlikely to cause the degradation of memories or the loss of material evidence").

2

Case No.: 12-CV-01964
ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MDL MOTION TO TRANSFER

The third *Landis* factor also weighs strongly in favor of granting the stay. In determining whether the third factor weighs in favor of a stay, considerations of judicial economy are highly relevant. *Fuller*, 2009 WL 2390358 at *2 (holding that Defendant's arguments showing "judicial economy" would be served by the stay "further[ed] the third *Landis* factor"). Here, judicial economy will best be served if this Court does not expend the resources required to resolve Defendant's Motion to Transfer this case to New Jersey one week before the MDL panel considers whether to transfer the entire group of related cases to Washington. Accordingly, the Court concludes that the three *Landis* factors weigh in favor of granting Plaintiff's request for a stay.

In Defendants' Opposition, Defendants argue that Defendants' Motion to Transfer, which seeks dismissal under the first-to-file rule or, alternatively, transfer under Section 1404(a), should be decided before the MDL Motion because " 'centralization under Section 1407 should be *the last solution* after… all other options,' including 'seeking transfer under Section 1404(a) or seeking to dismiss… under the first-to-file doctrine.' " ECF No. 11 at 3 ("Opposition") (quoting *In re Best Buy Co., Inc., California Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 3d 1376, 1378 (J.P.M.L. 2011)). Defendant further contends that a determination on the Motion to Transfer under 1404(a) will assist the MDL Panel in resolving the MDL Motion. *Id.* at 3-4 (citing *Bennett v. Bed Bath and Beyond, Inc.*, No. C 11-02220, 2011 WL 3022126, at *2 (N.D. Cal. July 22, 2011) (granting motion to transfer pursuant to 28 U.S.C. § 1404(a), despite pending MDL motion, because the decision to transfer would "aid the [MDL] Panel in its decision on whether to treat the BBB actions as an MDL")).

The Court is not persuaded. Regardless of this Court's ruling on Defendants' Motion to Transfer, the MDL Panel could consolidate and transfer this action to Washington, New Jersey, or another appropriate district for pre-trial proceedings. As set forth *supra*, the MDL Panel is prepared to consider whether transfer of the cases is warranted, and to what district the cases should be transferred to, in approximately one week. The Court does not agree with Defendants' contention that this Court's decision on the transfer issue would provide sufficient aid to the MDL panel to justify the expenditure of this Court's judicial resources. Moreover, if the MDL Motion is

3

Case No.: 12-CV-01964
ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MDL MOTION TO TRANSFER

1  denied, the stay in this action will be lifted, and the Court will consider Defendants' Motion to
2  Transfer.
3     Defendant also argues that Plaintiff's request for a stay should be denied because
4  "assignment of MDL status is far from guaranteed." Opposition at 4. Defendant contends that "the
5  JPML has recently denied consolidation and transfer… in similar food and beverage false
6  advertising cases." *Id.* Given that the consolidation hearing is scheduled to take place in one
7  week, the Court concludes that it would be prudent to allow the MDL Panel to rule on this case
8  rather than to conclude that the request to consolidate is likely doomed in light of the MDL Panel's
9  decisions in prior cases. Accordingly, the Court concludes that Defendants' arguments fail to
10 provide a sufficient basis for this Court to deny Plaintiff's Motion for a Stay.
11    For these reasons, Plaintiff's Motion to Stay is GRANTED.
12 **IT IS SO ORDERED.**

Dated: September 12, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

4
Case No.: 12-CV-01964
ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MDL MOTION TO TRANSFER